

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| A.J. RABE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:18-CV-00116-ADA-JCM |
| | § | |
| FARM SERVICE AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE, and NATIONAL APPEALS DIVISION, | § § § § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Defs.' Mot. Dismiss, ECF No. 35, and Plaintiff's Response in Opposition to the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Pl.'s Dismiss Resp., ECF No. 36.[1]  For the reasons below, the

---

[1] Defendants filed a Motion for Summary Judgment in response to Plaintiff's Original Complaint. Defs.' Mot. Summ. J., ECF No. 24. This Court later ordered Plaintiff to file an amended complaint after hiring counsel. Ct. Order, ECF No. 30. After Plaintiff filed its amended complaint, Defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and the Court ordered Defendants' Motion for Summary Judgment moot. Defs.' Mot. Dismiss, ECF No. 35. Plaintiff subsequently responded to the Motion to Dismiss. Pl.'s Dismiss Resp., ECF No. 36. The Court reviewed and considered all filed responses and replies in this determination.

undersigned **RECOMMENDS** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be **GRANTED.**

## I.
## INTRODUCTION

Plaintiff A.J. Rabe, Inc. is a corporation organized under the laws of Texas. Pl.'s Am. Compl. at 2, ECF No. 34. Arvell J. Rabe is Plaintiff's president and Janice Jeanette Rabe-Hall is Plaintiff's secretary. *Id.* Plaintiff applied for a Farm Service Agency ("FSA") Operating Loan on July 15, 2016. *Id.* After reviewing Plaintiff's application, a loan manager for the FSA called Mr. Rabe on August 17, 2016 and informed him the loan application would be denied due to lack of creditworthiness. *Id.* In particular, Plaintiff's application revealed numerous judgments and debts against it and its members. Administrative Record at 000751–52. Though the loan manager offered Mr. Rabe a meeting to discuss the denial, he declined and continued to discuss the denial over the phone. Pl.'s Am. Compl. at 2.

Following the denial, Mr. Rabe requested and received a meeting with the FSA District Director on August 29, 2016 for reconsideration. Pl.'s Am. Compl. at 3. During this meeting Mr. Rabe attributed several adverse credit issues to factors outside Plaintiff's control. *Id.* The FSA denied the application again on reconsideration for lack of creditworthiness, though the District Director acknowledged several credit issues were outside Plaintiff's control. A.R. at 000005-08. Plaintiff appealed to the National Appeals Division ("NAD") of the United States Department of Agriculture, but Administrative Law Judge David Hoveskeland upheld the FSA's decision on December 14, 2016. A.R. at 000113. On April 17, 2017, the NAD conducted a Director Review of the appeal and upheld the Administrative Law Judge's decision. A.R. at 000179.

Plaintiff filed the present case on April 17, 2018. Pl.'s Original Compl. at 1, ECF No. 1. Plaintiff alleges denial of the application was "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A) due to the presence of credit issues outside Plaintiff's control. Pl.'s Am. Compl. at 5. Plaintiff also alleges Defendants violated FSA procedure by failing to hold an in-person meeting to discuss the credit issues before denial, and thus prejudiced the outcome of the loan decision. Pl.'s Dismiss Resp. at 2-3. Plaintiff requests "the Court review, vacate, and reverse the agency decisions," "issue orders approving the loan applications," and award "such other relief to which Plaintiff is justly entitled." Pl.'s Am. Compl. at 5. Defendants move to dismiss or, in the alternative, for summary judgment on all of Plaintiff's claims. Defs.' Mot. Dismiss at 1.

## II.
## RELEVANT LAW

A motion to dismiss, or in the alternative, for summary judgment may be treated as a motion for summary judgment when the court considers materials outside of the pleadings. *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). When the court reviews agency actions, "summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the [Administrative Procedure Act] standard of review." *Redeemed Christian Church of God v. U.S. Citizenship & Immigration Servs.*, 331 F. Supp. 3d 684, 694 (S.D. Tex. 2018) (quoting *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007)) (quotation marks omitted).

Judicial review of a final decision by the NAD pursuant to 5 U.S.C. §§ 701 *et seq.* is limited to whether the challenged action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A); *City of Shoreacres v. Waterworth*, 420 F.3d 440, 445 (5th Cir. 2005). "The entire case on review is a question of law[,]" not a question of fact. *Redeemed Christian Church of God*, 331 F. Supp. 3d at 694 (quoting *Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)) (quotation marks omitted). An agency's role is to make

factual determinations supported by the administrative record while a court's role "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* (quoting *Stuttering Found. of Am.*, 498 F. Supp. 2d at 207) (quotation marks omitted).

Courts will not disturb an agency decision absent plain error:

> [b]alancing intangibles is an administrative responsibility *par excellence*. Reviewing courts should not attempt to second-guess the performance of this task, for they can do little to improve it. Unless the agency commits a logical error or overlooks evidence contrary to its result, its judgment will not be rejected.

*N. Am. Telecomms. Ass'n v. F.C.C.*, 772 F.2d 1282, 1289 (7th Cir. 1985) (Posner, J.). A court's review of an agency ruling is "'highly deferential' to an agency's interpretation of its own regulations." *Kinder Canal Co., Inc. v. Johanns*, 493 F.3d 543, 547 (5th Cir. 2007) (quoting *Spiller v. White*, 352 F.3d 235, 240 (5th Cir. 2003)). The court is limited to the narrow duty of holding the agency to "certain minimal standards of rationality." *Shoreacres*, 420 F.3d at 445 (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 905 (5th Cir. 1983)) (quotation marks omitted). The court limits its review to whether the agency relied on the proper legal standards and based its decision upon substantial evidence. *State of La. ex rel. Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988) ("[I]f the agency considers the factors and articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary or capricious").

"Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Even if some of the reasoning underlying a decision is erroneous, the ruling will be upheld if the error did not affect the ultimate result. *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009). Procedural improprieties "constitute a basis for remand

only if such improprieties would cast into doubt the existence of substantial evidence to support" the decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

In the absence of a reversible procedural violation, the court will uphold the agency's decision if based on substantial evidence—more than a scintilla, but less than a preponderance. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). This means the decision must be based on enough relevant evidence a reasonable mind would accept as adequate to support the decision. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). The scope of review is limited to the record and the court will not conduct de novo evidentiary review, make credibility determinations, or re-weigh the evidence. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

## III.
## ANALYSIS

Defendants move to dismiss or, in the alternative, for summary judgment on all of Plaintiff's claims. Defs.' Mot. Dismiss at 1. The motion may be treated as a motion for summary judgment as the administrative record was submitted with the motion.[2] *Young*, 938 F.2d at 568. First, Defendants argue the FSA's decision to deny Plaintiff an operating loan was supported by substantial evidence—specifically, Plaintiff and Mr. Rabe's history of failure to repay debts. *Id.* at 7. Second, Defendants argue procedural errors made in this process, if any, were harmless and do not affect the outcome. *Id.* at 10. Plaintiff responds Defendants violated FSA procedure by failing to conduct a meeting with Plaintiff's representatives before the loan decision. Pl.'s Dismiss Resp. at 8-9. Plaintiff also argues the errors were not harmless. *Id.* at 12-14.

---

[2] On the Motion to Dismiss, Defendants argue Plaintiff's complaint should be dismissed because Plaintiff requested relief not available from this Court. Defs.' Mot. Dismiss at 1. A complaint should not be dismissed because the plaintiff requested the incorrect remedy. *Smith v. Winter*, 782 F.2d 508, 513 (5th Cir. 1986). If this Court conducted a dismissal analysis, the complaint would not be dismissed solely due to Plaintiff's request for an improper remedy. *Id.*

The FSA's decision to deny Plaintiff an operating loan is supported by substantial evidence throughout the administrative record. To qualify for an operating loan, an applicant must have acceptable credit history as demonstrated by debt repayment. 7 C.F.R. § 764.101(d). Applicants with a history of failure to repay past debts as they came due when the ability to repay was within their control demonstrate unacceptable credit history. 7 C.F.R. § 764.101(d)(3). Unpaid debts may not indicate a lack of creditworthiness "when the applicant can satisfactorily demonstrate that the adverse action or delinquency was caused by circumstances that were of a temporary nature and beyond the applicant's control." 7 C.F.R. § 764.101(d)(3)(iv).

The FSA and the NAD determined Plaintiff has a history of failure to repay debts as they came due and thus denied the operating loan. A.R. at 000006, 000414–16. Plaintiff asserts the presence of adverse credit issues out of its control should invalidate the FSA and NAD's decisions. Pl.'s Dismiss Resp. at 11. Yet all FSA and NAD determinations related the loan denial directly to the numerous judgments and debts in Plaintiff and Mr. Rabe's credit histories, some of which were found to be in Plaintiff's control. A.R. at 000006, 000111-12, 000185, 000751. The agency must only establish it "consider[ed] the factors and articulate[ed] a rational relationship between the facts found and the choice made" to show its decision was not arbitrary or capricious. *Verity*, 853 F.2d at 327. The FSA articulated this relationship, stating "the fact that there have been multiple judgments filed against the applicant and a member of the entity become an issue in that it creates a pattern of nonpayment of debt." A.R. at 000006. Specifically, Plaintiff's credit history revealed judgments, a federal tax lien, and unpaid debts. A.R. at 000747. This included a judgment to Knoxville Livestock still owed at the time of the loan application, which the FSA found to be "clearly within the control of the applicant." A.R. at 000006. Though Plaintiff argues a genuine issue of material fact exists as to whether Mr. Rabe was given an opportunity to explain these

issues, all reviewing parties acknowledged there were adverse credit issues both within and outside of Plaintiff's control. A.R. at 000006, 000111, 000185. Therefore, Plaintiff failed to establish the FSA's determination was arbitrary or capricious because the agency decisions were rationally related to factual evidence.

Turning to whether the FSA complied with agency procedure, the FSA made no procedural error in denying Plaintiff's loan application without an in-person meeting. Even if an agency properly weighs the evidence, it may err by not complying with its own procedures. *Mays*, 837 F.2d at 1364. A procedural error is reversible if it affects the claimant's substantial rights by changing the outcome of the decision. *Id.* However, the error is harmless if its presence does not affect the agency's decision. *Qualls*, 339 F. App'x at 464. Generally, courts defer to an agency's interpretation of its own regulations. *Belt v. EmCare, Inc.*, 444 F.3d 403, 408 (5th Cir. 2006). Agency handbooks are authoritative sources on an agency's interpretation of its own regulations. *Id.* at 415.

Here, the FSA Handbook required the agency to meet with the applicant to discuss whether any adverse account statuses in the applicant's credit history were caused by circumstances beyond the applicant's control. FSA Handbook 3-FLP, Paragraph 65D. Plaintiff argues this provision requires an in-person meeting, and the FSA's failure to meet with Mr. Rabe in person constituted a harmful procedural error ultimately affecting the FSA's determination. Pl.'s Dismiss Resp. at 13. However, the FSA offered Plaintiff an in-person meeting, yet Mr. Rabe chose to continue their discussion of the credit issues over the phone. A.R. at 000750. Further, the FSA handbook does not state whether the meeting must be in person:

> When an applicant's credit history includes an adverse or delinquent account status, the authorized agency official shall meet with the applicant to discuss the questionable account. The objectives of the meeting are to gather information to determine whether the adverse account status was caused by circumstances beyond

> the applicant's control and to explain FSA creditworthiness requirements to the applicant. . . . The meeting shall be documented in FBP.

FSA Handbook 3-FLP, Paragraph 65D. Under this Court's limited duty of review, deference must be given to the agency's interpretation of its own handbook. *Belt*, 444 F.3d at 415. On appeal, the phone meeting was found to follow procedure. A.R. at 000112. On Director Review, the NAD found the phone meeting fulfilled the Handbook's meeting requirement. A.R. at 000185-86. While the meeting requirement lacks further agency interpretation beyond the administrative record, the requirement appears satisfied by the documented phone conversation. A.R. at 000112. Plaintiff argues it is reasonable for Mr. Rabe to believe the meeting should have taken place before the loan decision, and thus an issue of fact exists. Pl.'s Dismiss Resp. at 8. However, this Court's role is only to review this decision, rather than re-weigh evidence or make credibility determinations. *Leggett*, 67 F.3d at 564. The reasonableness of Mr. Rabe's belief has no effect on the Court's review of the agency decision.

Even if conducting a phone meeting was found to be an error, the presence of a harmless error precludes setting aside the FSA's decision. *Qualls*, 339 F. App'x at 464. The decision likely would not have changed had Mr. Rabe met in person to discuss the credit history instead of discussing it over the phone, as the outcome of Plaintiff's loan eligibility remained the same after all reviews and the appeal. Pl.'s Am. Compl. at 3-4. Therefore, the FSA did not commit a harmful error in conducting the phone meeting.

Plaintiff further argues the case at bar is analogous to *U.S. Steel Corp. v. U.S. Envtl. Prot. Agency*, 595 F.2d 207 (5th Cir. 1979) on the issue of prejudicial error. Pl.'s Dismiss Resp. at 11. In *U.S. Steel*, the Environmental Protection Agency ("EPA") failed to follow notice-comment rulemaking according to the Administrative Procedure Act ("APA"), and the court found this to be a prejudicial error. *U.S. Steel*, 595 F.2d at 215. Plaintiff argues the EPA's provision of a comment

period after the rule's promulgation, in violation of the APA, mirrors Defendants failing to meet in-person with Plaintiff before the loan denial. Pl.'s Dismiss Resp. at 12. Yet Plaintiff is not arguing Defendants failed to follow APA procedure for rule-making, and thus reliance on *U.S. Steel* does not support Plaintiff's position. Pl.'s Dismiss Resp. at 12.

Additionally, Plaintiff argues all points of contention with the agency determination are "genuine issues of material fact," and thus this Court cannot rule on summary judgment.[3] Pl.'s Dismiss Resp. at 8-12. However, case review of an agency decision is a question of law. *Redeemed Christian Church of God*, 331 F. Supp. 3d at 694. This Court's role is to determine whether the evidence in the administrative record supports the agency's decision as a matter of law. *Id.* Again, this Court may not re-weigh evidence or make factual determinations. *Leggett*, 67 F.3d at 564. Thus, Plaintiff's reliance on this argument is misplaced.

Upon this Court's review, the agencies' decisions to deny the loan and uphold the denial were not arbitrary or capricious. Both the FSA and the NAD rationally related factual evidence of Plaintiff's credit history to their findings of Plaintiff's lack of creditworthiness. *Verity*, 853 F.2d at 327. The phone meeting conducted between Mr. Rabe and the loan manager satisfied the FSA handbook meeting requirement and thus did not violate agency procedure. *Belt*, 444 F.3d at 415. Further, even if the phone meeting constituted a procedural error, the error is harmless as it did not prejudice the outcome of Plaintiff's loan eligibility. *Qualls*, 339 F. App'x at 464.

---

[3] Plaintiff argues the following are "genuine issues of material fact:" (1) whether Plaintiff was offered a meeting before the loan denial; (2) whether Mr. Rabe knew he was declining an in-person meeting during the phone conversation; (3) whether the FSA's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (4) whether failing to conduct an in-person meeting constitutes error; and (5) whether the error is prejudicial to the loan decision outcome. Pl.'s Dismiss Resp. at 8-12.

## IV.
## RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be **GRANTED**.

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are made. The District Court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 27th day of June, 2019.

THE HONORABLE JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE