IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| A.J. RABE, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 6:18-CV-00116-ADA |
| | § | |
| FARM SERVICE AGENCY, | § | |
| UNITED STATES DEPARTMENT | § | |
| OF AGRICULTURE, NATIONAL | § | |
| APPEAL DIVISION, | § | |
| *Defendants* | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske (Dkt. 38), which recommends that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be granted. The action was referred to Judge Manske for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Report and Recommendation was filed June 27, 2019.

A party may file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a Report and Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglas v. United Service Auto Ass'n*, 79 F.3d

1

1415. 1428–29 (5th Cir. 1996) (*en banc*). In the present instance, Plaintiff A.J. Rabe, Inc., has timely filed objections. Accordingly, the Court reviews the Report and Recommendation de novo.

Plaintiff argues that the "Magistrate Judge mischaracterized the record with respect to the FSA and National Appeals Division's determination that . . . the Plaintiff had a 'history of failure to repay debts' based on 'numerous judgments and debts in Plaintiff and Mr. Rabe's credit histories, some of which were found to be in Plaintiff's control.'" Pl.'s Obj. to R. & R. 1 (Dkt. 39) (quoting R. & R. 6 (Dkt. 38)). Plaintiff specifically objects to the Magistrate Judge's characterization of a judgment to Knoxville Livestock as "clearly within the control of the applicant." *Id.* Plaintiff avers not only that the absence of the underlying judgment to Knoxville Livestock from the Administrative Record negates any factual basis for the determination that the matter was "clearly within the control of [Plaintiff]" but also that the debt was in fact beyond Plaintiff's control. Plaintiff contends that this purported mischaracterization of the Knoxville Livestock judgment renders untenable the Magistrate Judge's conclusion that the referenced credit issues were within Plaintiff's control. *Id.* at 2.

As the Magistrate Judge rightly observed, judicial review of a final agency decision pursuant to 5 U.S.C. § 701 et seq. is limited to whether the challenged action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. R. & R. 3 (citing 5 U.S.C. § 706(2)(a)). In the absence of a reversible procedural violation, the Court will uphold the agency's decision if based on substantial evidence—more than a scintilla, but less than a preponderance. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). Plaintiff has not objected to the Magistrate Judge's findings regarding the procedural propriety of the Farm Service Agency (FSA) and National Appeal Division (NAD) decision, and those findings are not clearly erroneous. Furthermore, the Magistrate Judge determined that the agency based its decision on substantial

evidence; the Knoxville Livestock judgment was not the only blemish on Plaintiff's credit report. *See* R. & R. 6 ("[A]ll FSA and NAD determinations related the loan denial directly to the *numerous* judgments and debts in Plaintiff and Mr. Rabe's credit histories, *some* of which were found to be in Plaintiff's control." (emphasis added)); *see also id.* (observing that the FSA explicitly articulated the relationship between the "pattern of nonpayment of debts" and the denial of credit).

Upon de novo review of the record in this case, the Court concludes that the Magistrate Judge rightly determined that the FSA properly complied with agency procedure and that the "agency decisions were rationally related to factual evidence." *Id.* at 7. Accordingly, it is

**ORDERED** that Plaintiff's objections to the Report and Recommendation (Dkt. 39), filed July 11, 2019, be **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 38) filed in this cause be hereby **ACCEPTED and ADOPTED** by the Court. It is further

**ORDERED** that Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment filed June 10, 2019, (Dkt. 35), be **GRANTED**.

**SIGNED** this the 22nd day of July 2019.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE